**FILED**

JUL 1 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **SiRF Technology, Inc.**<br><br>v.<br><br>**Global Locate, Inc.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case: 1:07-mc-00287
Assigned To : Hogan, Thomas F.
Assign. Date : 7/11/2007
Description: Miscellaneous

### APPLICATION FOR THE ISSUANCE OF A LETTER ROGATORY

SiRF Technology, Inc. ("SiRF"), by and through undersigned counsel, respectfully

applies for the issuance by the Court of a Letter of Rogatory in the form attached hereto as

Exhibits A, addressed to the Central Authority in the Netherlands, for the examination by

deposition of and for the production of documents by TomTom, N.V., a resident of the

Netherlands. This Application is made pursuant to 28 U.S.C. § 1781, appealing to the Court's

inherent power to seek foreign assistance in taking evidence abroad.

Issuance of the requested letter is warranted because TomTom, N.V. is a necessary and

material witness to prove the claims alleged in the Complaint in Investigation 337-TA-596,

pending before the United States International Trade Commission. The underlying proceeding is

based on a complaint filed by SiRF on February 2, 2007, pursuant to Section 337 of the Tariff

Act of 1930, 19 U.S.C. § 1337 . The complaint alleges infringement of U.S. Patent No.

6,304,216, U.S. Patent No. 7,043,363, U.S Patent No. 7,091,904, and U.S. Patent No. 7,132,980;

the accused products are certain Global Positioning System ("GPS") chips, associated software,

and products containing those products. The complaint further alleges that the accused products

have been imported into the United States. Exh. B Affidavit of James Altman ("Altman

770158 1

Affidavit") at ¶ 3. TomTom, N.V. is one of the manufacturers of the GPS chips designed and sold by or on behalf of Global Locate, and therefore has crucial information relating to the design and manufacture of the systems which incorporate the chips and the importation and sale of the systems and chips into the United States. *Id.* ¶ 4. Administrative Law Judge Robert L. Barton, who is presiding over Investigation No. 337-TA-596, has recommended that this Court issue the requested letter. Exh. C Order No. 11: Granting SiRF's Application For Recommendation To The District Court For The District Of Columbia To Issue A Letter Of Request And Letter Rogatory (June 1, 2007).

Plaintiff requests that the Court approve and sign the attached Letter Rogatory. Plaintiff further requests that after the Court has signed the Letter Rogatory, the Clerk of this Court authenticate the Court's signature under the seal of this Court, and that the Letter Rogatory fbe thereafter returned by the Clerk to Plaintiff's counsel.

Dated: June 28, 2007

Respectfully submitted,

F. David Foster
James B. Altman
Miller & Chevalier
655 Fifteenth Street, N.W.
Suite 900
Washington, DC 20005
(202) 626-5800
(202) 626-5801

770158 1

FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUL 1 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

```
                                    )
                                    )
                                    )
SiRF Technology, Inc.               )
                                    )
v.                                  )    Misc. Action No. 07-287
                                    )
  Global Locate, Inc.               )
                                    )
                                    )
                                    )
```

## AFFIDAVIT OF JAMES B. ALTMAN

I, James B. Altman, having been duly sworn, hereby depose and state:

1.    I reside at 5623 Old Chester Court, Bethesda, Maryland, 20814.

2.    I am counsel to the requesting party, SirF Technology, Inc. ("SiRF"), the

Complainant in Investigation No. 337-TA-596, pending before Administrative Law Judge Robert

L. Barton at the United States International Trade Commission.

3.    The underlying proceeding is based on a complaint filed by SiRF against

Respondent Global Locate ("Respondent" or "Global Locate") on February 2, 2007, pursuant to

Section 337 of the Tariff Act of 1930, 19 U.S.C. § 1337 .  The complaint alleges infringement of

U.S. Patent No. 6,304,216, U.S. Patent No. 7,043,363, U.S Patent No. 7,091,904, and U.S. Patent

No. 7,132,980; the accused products are certain Global Positioning System ("GPS") chips,

associated software, and products containing those products.  The complaint further alleges that

the accused products have been imported into the United States.

4.    TomTom, N.V. is one of the manufacturers of the GPS chips designed and sold by

or on behalf of Global Locate, and therefore has crucial information relating to the design and

manufacture of the systems which incorporate the chips and the importation and sale of the

770148.1

systems and chips into the United States.

James B. Altman

Sworn and subscribed before
me this 27th day of June 2007

Notary Public

My commission expires _____ MY COMMISSION EXPIRES:
                              JULY 31, 2007

770148.1

**UNITED STATES INTERNATIONAL TRADE COMMISSION**
**Washington, D.C.**

**Before the Honorable Robert L. Barton, Jr.**
**Administrative Law Judge**

| |
|---|
| In the Matter of |
| **CERTAIN GPS CHIPS, ASSOCIATED SOFTWARE AND SYSTEMS, AND PRODUCTS CONTAINING SAME** |

Inv. No. 337-TA-596

**ORDER NO. 11: GRANTING SiRF'S APPLICATION FOR RECOMMENDATION TO THE DISTRICT COURT FOR THE DISTRICT OF COLUMBIA TO ISSUE A LETTER OF REQUEST AND LETTER ROGATORY**
*(June 1, 2007)*

On May 15, 2007, Complainant SiRF Technology, Inc. ("SiRF") applied for issuance of recommendations to the United States District Court for the District of Columbia to issue a letter of request and a letter rogatory to obtain documents from a third party foreign corporation. No responses to the applications were received. The applications are hereby GRANTED. Attached to this order are the recommendations.


**SO ORDERED.**

Robert L. Barton, Jr.
Administrative Law Judge


07-287

FILED

JUL 1 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

763230.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In the Matter of<br><br>Certain GPS Chips, Associated Software and Systems, And Products Containing Same | )<br>)<br>) Misc. Action No.<br>)<br>) RECOMMENDATION FOR ISSUANCE<br>) OF A LETTER OF REQUEST FOR<br>) INTERNATIONAL JUDICIAL<br>) ASSISTANCE<br>)<br>) DEPONENT: TOMTOM, N.V.<br>) |

Pursuant to the International Trade Commission's ("ITC") regulations, 19 C.F.R. 210.75(c), the International Trade Commission may choose to initiate judicial enforcement proceedings as part of a civil action in a district court outside of the proceedings described in its regulations. In accordance with this authority, the ITC respectfully initiates a civil action on the miscellaneous calendar of the United States District Court for the District of Columbia.

We recommend that the Court issue, under its seal and signature, the attached letter of request to the appropriate judicial authority in The Netherlands. The letter of request solicits international judicial assistance in obtaining critical evidence abroad needed for our pending investigation into alleged patent infringing imports of GPS Chips, associated software and systems, and products containing the same. There is precedent in this regard. See In the matter of Diltiazem Hydrochloride, ITC Inv. No. 337-TA-349, Order 18 (August 17, 1993) (wherein the ALJ granted a motion to recommend and the District Court issued a letter rogatory for depositions in Japan).

763230 1

In order to comply with the statutory time limitations on ITC investigations, we respectfully request the Court to assign a judge and, if needed, schedule a hearing to expedite the filing of this letter of request with the Dutch judicial authorities.

Respectfully submitted,

Robert L. Barton, Jr.
Administrative Law Judge
United States International Trade Commission
500 E Street, S.W., Suite 317
Washington, D.C. 20436

763230.1

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| In the Matter of<br><br>Certain GPS Chips, Associated Software and Systems, And Products Containing Same | )<br>)<br>)   Misc. Action No.<br>)<br>)   **RECOMMENDATION FOR ISSUANCE**<br>)   **OF A LETTER ROGATORY FOR**<br>)   **INTERNATIONAL JUDICIAL**<br>)   **ASSISTANCE**<br>)<br>)   **DEPONENT: TOMTOM, N.V.**<br>) |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER OF REQUEST)**

Pursuant to the International Trade Commission's ("ITC") regulations, 19 C.F.R. 210.75(c), the ITC may choose to initiate judicial enforcement proceedings as part of a civil action in a district court outside of the proceedings described in its regulations. In accordance with this authority, the ITC respectfully initiates a civil action on the miscellaneous calendar of the United States District Court for the District of Columbia.

We recommend that the Court issue, under its seal and signature, the attached letter rogatory to counsel for SiRF Technology, Inc., Complainant in the above-captioned ITC proceeding. The letter rogatory solicits international judicial assistance in obtaining critical evidence abroad needed for our pending investigation into alleged patent infringing imports of GPS Chips, associated software and systems, and products containing the same. There is precedent in this regard. See In the matter of Diltiazem Hydrochloride, ITC Inv. No. 337-TA-349, Order 18 (August 17, 1993) (wherein the ALJ granted a motion to recommend and the District Court issued a letter rogatory for depositions in Japan).

763230.1

In order to comply with the statutory time limitations on International Trade Commission investigations, we respectfully request the Court to assign a judge and, if needed, schedule a hearing to expedite the filing of this letter of request with the Dutch judicial authorities.

Respectfully submitted,

Robert L. Barton, Jr.
Administrative Law Judge
United States International Trade Commission
500 E Street, S.W., Suite 317
Washington, D.C. 20436

Address for Return of Issued Letter Rogatory

Jim Altman
David Foster
Leah Frazier
Miller & Chevalier Chartered
655 Fifteenth Street, N.W.
Suite 900
Washington, D.C. 20005
(202) 626-5800

763230.1

## ATTACHMENT C

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of | Misc. Action No. |
| **Certain GPS Chips, Associated Software and Systems, And Products Containing Same** | **RECOMMENDATION FOR ISSUANCE OF LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE** |
| | **DEPONENT: TOMTOM, N.V.** |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER OF REQUEST)**

**IDENTITY AND ADDRESS OF THE APPLICANT:**

Honorable _____
United States Judge
United States District Court for the District of Columbia
333 Constitution Ave., NW
Washington, DC  20001
USA

**CENTRAL AUTHORITY OF THE RECEIVING STATE:**

De Officier van Justitie
Postbus 20302
2500 EH THE HAGUE
The Netherlands

In conformity with Article 3 of Hague Convention #20, the United States District Court

for the District of Columbia, through the Honorable _____, United States Judge, presents its

compliments to the judicial authorities of The Netherlands, and requests international judicial
assistance to obtain evidence to be used in the above matter.

The below signed authority requests the assistance described herein as necessary in the
interests of justice.

Below are the names of, and contact information for, all parties and their respective legal
representatives:

| Party | Legal Representative |
|---|---|
| COMPLAINANT:<br>SiRF Technology, Inc.<br>148 East Brokaw Road<br>San Jose, California  95112<br>USA<br>Phone: (408) 392-8347<br>Facsimile: (408) 467-0420 | Alan H. MacPherson<br>Edward C. Kwok<br>Steven M. Levitan<br>Clark S. Stone<br>Jennifer M. Lantz<br>MacPHERSON KWOK CHEN & HEID LLP<br>2033 Gateway Place, Suite 400<br>San Jose, California 95110<br>USA<br>Phone: (408) 392-9250<br>Facsimile: (408) 392-9262 |
| RESPONDENT:<br>Global Locate, Inc.<br>3190 South Bascom Avenue<br>San Jose, CA 95124<br>USA<br>Phone: (408) 371-0580<br>Facsimile: (408) 371-0584 | Mark Fowler<br>Gerald T. Sekimura<br>Thomas A. Burg<br>Marc C. Belloli<br>Clayton Thompson<br>DLA Piper US LLP<br>2000 University Avenue<br>East Palo Alto, California 94303<br>USA<br>Phone:  (650) 833-2113<br>Facsimile:  (650) 833-2001 |

**REPRESENTATIVE TO ACT ON BEHALF OF COMPLAINANT:**

It is requested that should contact or correspondence with Complainant in this matter be required, the following individual is appointed in this matter to represent

**COMPLAINANT:**

Jennifer M. Lantz
MacPherson Kwok Chen & Heid LLP
2033 Gateway Place, Suite 400
San Jose, California 95110
USA
Phone: (408) 392-9250
Facsimile: (408) 392-9262

**DEPONENT:**

TomTom, N.V.
REMBRANDT PLEIN 35
1017 CT
AMSTERDAM
P7
The Netherlands

The specific request herein is for the appropriate judicial authority of The Netherlands to compel the above named deponent to provide evidence, in the form of documents (as described in Exhibit A) and to appear for a deposition to answer questions (as specified in Exhibit B) that are important to Complainant SiRF Technology, Inc.'s claims and defenses. It has been represented to the below signed authority that the above deponent is a corporation organized under the laws of The Netherlands.

**SUBJECT MATTER AND RELATIVITY OF THIS REQUEST:**

It has been represented to this court that this matter involves allegations including, but not limited to, claims that the Respondent, Global Locate, Inc. Technology, Inc., infringed upon Complainant's United States Patents for specific Global Positioning System ("GPS") technology

763230.1

through the Respondent's manufacture and sale of devices containing said ("GPS") technology, and through the incorporation of those chips into systems sold by third parties, and those chips and systems were sold in the United States or imported into the United States. Defendant's chips were sold to **deponent TomTom, N.V.**, for importation into the United States, or were imported into the United States by **deponent TomTom, N.V.,** causing Plaintiffs to suffer damages.

It has been further represented to this court that the **deponent TomTom, N.V.**, as one of the manufacturers of systems incorporating "chips" designed and sold by or on behalf of the Defendant, has crucial information relating to the design and manufacture of systems which incorporate the chips, as well as relating to the sales of the systems to third parties, and relating to importation of the systems and chips into the United States. Therefore, **deponent TomTom, N.V.** has information necessary for Plaintiff to prove its claims.

In view of the foregoing, it is therefore requested, in the interest of justice, that you issue an order for the acquisition of the document evidence described in Exhibit A, in accordance with the laws and procedures of the courts of the Netherlands, and summon **deponent TomTom, N.V.** to provide the requested evidence for examination by the below signed authority.

**SPECIFIC REQUESTS**:

1.    For the benefit of all parties, this court requests that the appropriate authorities of The Netherlands issue an Order compelling production of the requested (as specified in the attached Exhibit A) and the presentation of TomTom, N.V. for a deposition (on the topics specified in Exhibit B) as soon as possible.

2.    It is requested that should any information or evidence be denied, or considered prohibited by any internal law of The Netherlands, that it be stricken and NOT affect the production of any remaining items or information.

3.    It is requested that the judicial authorities of The Netherlands cause any evidence and/or transcript submitted to be marked, attested, properly sealed and returned through appropriate channels to the below signed authority.

763230.1

When required, the below signed authority shall provide similar assistance as requested herein, to the appropriate judicial authorities of The Netherlands.

Plaintiffs' representatives, MacPherson Kwok Chen & Heid LLP, 2033 Gateway Place, Suite 400, San Jose, California 95110 United States of America, stand ready and willing to reimburse the appropriate judicial authorities of The Netherlands for all costs incurred in executing the below signed authority's request for international judicial assistance.

WITNESS, the Honorable _____, United States Judge of the United States District Court, District of Columbia, this _____ day of _____, 2007

_____
Honorable
United States Judge
United States District Court
District of Columbia
333 Constitution Ave., NW
Washington, DC  20001
USA

I hereby certify that the signature above is that of the Hon._____, United States Judge of the United States District Court of the District of Columbia.

_____, Clerk of Court

By: _____

Deputy Clerk: _____

Seal:

763230.1

I hereby certify that _____ is the Clerk of Court of the United States District Court of the District of Columbia.

_____

Honorable _____
United States Judge
United States District Court
District of Columbia
333 Constitution Ave., NW
Washington, DC  20001
USA

I hereby certify that the signature above is that of the Hon._____, United States Judge of the United States District Court of the District of Columbia.

_____, Clerk of Court

By: _____

Deputy Clerk: _____

Seal:

## EXHIBIT A

## EVIDENCE REQUESTED FROM TOMTOM, N.V.

REQUEST FOR PRODUCTION NO. 1:  Functional diagrams, block diagrams, operational descriptions, schematics, design specifications, design criteria, performance specifications, or manufacturing specifications sufficient to show the design, structure, function, and operation of the TomTom ONE and/or TomTom GO devices incorporating the Hammerhead and/or Hammerhead II devices.  This information is relevant to the proceeding as it will allow the determination of.

REQUEST FOR PRODUCTION NO. 2:  Electronically searchable copies in native format of the source code for software to be executed in the host processor of the TomTom ONE and/or TomTom GO devices that controls the Hammerhead or Hammerhead II devices.  This information is relevant to the proceeding as it will allow the determination of whether the whether the patents asserted are infringed.

REQUEST FOR PRODUCTION NO. 3:  Documents sufficient to identify the location, name, and owner of each facility in which has occurred the manufacture, assembly, testing, and/or distribution of the TomTom ONE and/or TomTom GO devices incorporating the Hammerhead and/or Hammerhead II devices.  This information is relevant to the proceeding because it will allow the determination of the number of Hammerhead or Hammerhead II devices were manufactured which could be imported into the United States.

REQUEST FOR PRODUCTION NO. 4:  Inventory reports or other documents sufficient documents sufficient to show the total quantities of TomTom ONE and/or TomTom GO devices manufactured which incorporate the Hammerhead and/or Hammerhead II devices.  This

information is relevant to the proceeding as it will allow the determination of the number of systems manufactured by TomTom N.V. which could be imported into the United States.

REQUEST FOR PRODUCTION NO. 5:  Inventory reports or other documents sufficient to show the quantities of TomTom ONE and/or TomTom GO devices incorporating the Hammerhead and/or Hammerhead II devices held by TomTom N.V. in inventory, and the location of such inventory.  This information is relevant to the proceeding as it will allow the determination of whether TomTom N.V.'s systems incorporating Defendant's Hammerhead or Hammerhead II devices have been imported into the United States.

REQUEST FOR PRODUCTION NO. 6:  Purchase orders, purchase order confirmations, invoices, shipping lists, shipping confirmations, sales reports, bills of lading, waybills or other documents sufficient to show the quantities of Hammerhead and/or Hammerhead II devices purchased by TomTom N.V.  This information is relevant to the proceeding as it will allow the determination of the number of systems manufactured by TomTom N.V. which could be imported into the United States.

REQUEST FOR PRODUCTION NO. 7:  Purchase orders, purchase order confirmations, invoices, shipping lists, shipping confirmations, sales reports, bills of lading, waybills or other documents sufficient to show the quantities imported into the United States of TomTom ONE and/or TomTom GO devices incorporating the Hammerhead and/or Hammerhead II devices. This information is relevant to the proceeding as it will allow the determination of whether TomTom N.V.'s systems incorporating Defendant's Hammerhead or Hammerhead II devices have been imported into the United States.

REQUEST FOR PRODUCTION NO. 8:  Purchase orders, purchase order confirmations, invoices, shipping lists, shipping confirmations, sales reports, bills of lading, or waybills

sufficient to identify each customer, the date and location of each sale, the identity of the

Hammerhead or Hammerhead II devices sold, the number of units sold, and the terms of delivery

for each Hammerhead or Hammerhead II device purchased by TomTom, N.V. This information

is relevant to the proceeding as it will allow the determination of whether TomTom N.V.'s

systems incorporating Defendant's Hammerhead or Hammerhead II devices have been imported

into the United States.

REQUEST FOR PRODUCTION NO. 9: Forecasts or projections of the quantities of

TomTom ONE and/or TomTom GO devices incorporating the Hammerhead and/or

Hammerhead II devices to be imported into the United States in the future. This information is

relevant to the proceeding as it will allow the determination of whether TomTom N.V.'s systems

incorporating Defendant's Hammerhead or Hammerhead II devices will be imported into the

United States during the pendency of the proceeding.

REQUEST FOR PRODUCTION NO. 10: Documents, such as price quotations,

purchase orders, purchase order confirmations, invoices, shipping lists, shipping confirmations,

sales reports, bills of lading, or waybills sufficient to show the actual per unit prices paid by

TomTom N.V. for each Hammerhead and/or Hammerhead II device. This information is

relevant to the proceeding as it will allow the determination of the appropriate amount of a bond

in the event that Plaintiff prevails in this proceeding.

REQUEST FOR PRODUCTION NO. 11: Documents, such as sales contracts, purchase

orders, purchase order confirmations, invoices, shipping lists, shipping confirmations, sales

reports, bills of lading, or waybills sufficient to show the terms of each sale of Hammerhead

and/or Hammerhead II devices to TomTom, N.V. This information is relevant to the proceeding

as it will allow the determination of the appropriate amount of a bond in the event that Plaintiff

prevails in this proceeding.

REQUEST FOR PRODUCTION NO. 12:  Contracts or agreements to sell or otherwise

supply Hammerhead and/or Hammerhead II devices to TomTom, N.V. or TomTom, Inc., to the

extent not provided in response to another request. This information is relevant to the proceeding

as it will allow the determination of whether TomTom N.V.'s systems incorporating Defendant's

Hammerhead or Hammerhead II devices have been imported into the United States.  This

information is also relevant to the proceeding as it will allow the determination of the appropriate

amount of a bond in the event that Plaintiff prevails in this proceeding.

REQUEST FOR PRODUCTION NO. 13:  Written communications, including electronic

mail, with Global Locate, Inc. concerning the design, operation, or performance of the

Hammerhead or the Hammerhead II device.  This information is relevant to the proceeding as it

will allow the determination of whether the use of the Hammerhead or Hammerhead II devices

in TomTom N.V.'s systems constitutes infringement of Plaintiff's asserted patents.

## EXHIBIT B

### DEPOSITION QUESTIONS TO BE PUT TO TOMTOM, N.V.

1.  Please identify each Hammerhead device purchased by or on behalf of TomTom NV from Global Locate, Inc. or Infineon Technologies, AG.

2.  Please identify the price paid by or on behalf of TomTom NV for each Hammerhead device purchased, the date of purchase, the place of purchase, the place of delivery, and the place at which TomTom NV took ownership of each such Hammerhead device.

3.  Please identify each Hammerhead II device purchased by or on behalf of TomTom NV from Global Locate, Inc. or Infineon Technologies, AG.

4.  Please identify the price paid by or on behalf of TomTom NV for each Hammerhead II device purchased, the date of purchase, the place of purchase, the place of delivery, and the place at which TomTom NV took ownership of each such Hammerhead II device.

5.  What is the total quantity of TomTom ONE devices containing Hammerhead or Hammerhead II devices made by or on behalf of TomTom, NV.; the name, owner and location of the facility where the TomTom ONE devices are made; and the location or locations where the TomTom ONE devices are held in inventory?

6.  What is the total quantity of TomTom GO devices containing Hammerhead or Hammerhead II devices made by or for TomTom, NV.; the name, owner and location of the facility where the TomTom GO devices are made; and the location or locations where the TomTom GO devices are held in inventory?

7.  Please state the total number of TomTom ONE devices incorporating a Hammerhead or Hammerhead II device which have been imported into the United States or sold for importation into the United States, including the customer's name, location, the date or date of the sale(s), the location where the customer took ownership of the devices, and the number of devices sold.

8.  Please state the total number of TomTom GO devices incorporating a Hammerhead or Hammerhead II device which have been imported into the United States, including the customer's name, location, the date or date of the sale(s), the location where the customer took ownership of the devices, and the number of devices sold.

9.  What is the sale price of each TomTom ONE device incorporating a Hammerhead or Hammerhead II device?

10. What is the sale price of each TomTom GO device incorporating a Hammerhead or Hammerhead II device?

11. How many TomTom ONE devices incorporating a Hammerhead or Hammerhead II device does TomTom, N.V. forecast it will sell to customers in the United States, or for later importation into the United States, in 2007?

12. How many TomTom GO devices incorporating a Hammerhead or Hammerhead II device does TomTom, N.V. forecast it will sell to customers in the United States, or for later importation into the United States, in 2007?

13. Please describe the structure, function, and operation of the TomTom One and TomTom GO devices which incorporate a Hammerhead or Hammerhead II device.

**ATTACHMENT D**

**UNITED STATES DISTRICT CORT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| In the Matter of | ) <br> ) <br> ) **Misc. Action No.** <br> ) <br> ) **RECOMMENDATION FOR ISSUANCE** <br> ) **OF A LETTER OF LETTER** <br> ) **ROGATORY FOR INTERNATIONAL** <br> ) **JUDICIAL ASSISTANCE** <br> ) <br> ) **DEPONENT:  TOMTOM, N.V.** <br> ) |
| Certain GPS Chips, Associated Software and Systems, And Products Containing Same | |

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)**

The District Court of the District of Columbia, through the Honorable _____, District Court Judge, presents its compliments to the judicial authorities in The Netherlands, and requests international judicial assistance to obtain evidence to be used in the above matter.

The below signed authority requests the assistance described herein as necessary to the interests of justice.  This court is willing to provide similar assistance to judicial authorities of The Netherlands and is willing to reimburse the judicial authorities of The Netherlands for costs incurred in executing this request.

Due to the confidential nature of the information requested, this court has entered a Protective Order ("Order") in an attempt to protect said information from being made available to any person not designated as authorized under the conditions of the Order (Attached as Exhibit A).

Below is the relevant information, and the parties are willing to supply an further information you may find necessary.  Included as Attachment B is a list of specific requests for documents.

**1. Sender:**

> The Honorable _____
> District Court of the District of Columbia
> 333 Constitution Ave., NW
> Washington, DC  20001
> (Phone Number:  _____)
> U.S.A.

---

**2. Central Authority of the Requested State:**

> De Officier van Justitie
> Postbus 20302
> 2500 EH THE HAGUE
> The Netherlands

---

**3. Person to whom the executed request is to be returned:**

> Honorable _____
> District Court Judge
> District Court of the District of Columbia
> 333 Constitution Ave., NW
> Washington, DC  20001

---

**4.** The undersigned applicant has the honor to submit the following request:

---

**5.** a.    Requesting judicial authority:

> District Court of the District of Columbia
> 333 Constitution Ave., NW
> Washington, DC  20001

   b.    To the competent authority of:

> The Netherlands

---

**6.    Names and Addresses of the parties and their representatives:**

a. Plaintiff (Complainant): SiRF Technology, Inc. ("SiRF")

763230.1

Representatives:

Alan H. MacPherson
Edward C. Kwok
Steven M. Levitan
Jennifer M. Lantz
Clark S. Stone
MacPherson Kwok Chen & Heid LLP
2033 Gateway Place, Suite 400
San Jose, CA  95110
(408) 392-9250
(408) 392-9262

F. David Foster
Jim Altman
Leah Frazier
Miller & Chevalier
655 Fifteenth Street, N.W.
Suite 900
Washington, DC 20005
(202) 626-5800
(202) 626-5801

b. Defendant (Respondent): Global Locate, Inc.

Representatives:

Mark Fowler
Gerald T. Sekimura
Thomas A. Burg
Marc C. Bellioli
DLA Piper US LLP
2000 University Avenue
East Palo Alto, CA 94303
(650) 833-2000
(650) 833-2001

Clayton Thomas
DLA Piper US LLP
1200 Nineteenth Street, N.W.
Washington, D.C. 20036
(202) 861-6429
(202) 689-7429

c. Commission Investigative Staff (Representing the Public Interest):

763230.1

Representative:

Kevin Baer, Esq.
Office of Unfair Import Investigations
U.S. International Trade Commission
500 E Street, S.W.
Washington, D.C. 20436

-------------------------------------------------------------------------------------------------------

**7. Nature and purpose of the proceedings and summary of the facts:**

The underlying proceeding is conducted by the United States International Trade
Commission under Section proceedings and 337 of the Tariff Act of 1930 (19 U.S.C. § 1337),
based on a complaint filed by SiRF Technology, Inc. on February 2, 2007. The complaint alleges
infringement of U.S. Patent No. 6,304,216, U.S. Patent No. 7,043,363, U.S. Patent No. 7,091,904,
and U.S. Patent No. 7,132,980 by the following respondents:

Global Locate, Inc.
3190 South Bascom Ave.
San Jose, CA  92618

The accused products of the respondent are certain GPS Chips, associated Software and products
containing those products.   The Commission instituted proceedings based on SiRF Technology,
Inc.'s ("SiRF") complaint on March 9, 2007 and subsequently published notice of those
proceedings in the Federal Register. On institution, the proceeding was transferred to
Administrative Law Judge Robert L. Barton, Jr., to preside over initial determination on the
merits of the case.

The Administrative Law Judge has recommended that the District Court of the District of
Columbia assist the International Trade Commission by issuing a letters rogatory to the central
authorities in Netherlands for international judicial assistance with obtaining evidence critical to
their underlying investigation.  The District Court has determined that in light of the importance
of the evidence, the Court is issuing this letter rogatory in its name requesting judicial assistance
for the International Trade Commission investigation and the parties involved.  Currently, the
evidence gathered will be considered part of the District Court's docket and within its
jurisdiction. This request should no longer be considered "administrative," but rather a civil
matter.

The initial determination of the Administrative Law Judge is subject to possible review
by the Commission, with a right of appeal to the United States Court of Appeals for the Federal
Circuit.

The basis for SiRF's allegations of infringement against the respondent is that SiRF sells
allegedly infringing GPS devices and products to others for incorporation into mobile consumer
devices.

763230.1

Several defenses have been raised against SiRF's allegations of patent infringement, including the defenses of noninfringement, invalidity of the patents, unenforceability of the patents, and implied license.

---------------------------------------------------------------------------------------------

**8.  Evidence to be obtained or other judicial to be performed:**

It is requested that a judicial authority of Netherlands propound to TomTom, N.V. the list of specific questions appended hereto in Exhibit A.

---------------------------------------------------------------------------------------------

**9. Identity and Address of the Person to Be Examined:**

> TomTom, N.V.
> Rembrandt Plein 35
> 1017 CT
> Amsterdam
> P7
> The Netherlands

---------------------------------------------------------------------------------------------

**10. Questions to be put to the person to be examined or statement of the subject matter about which he is to be examined:**

1. Please identify each Hammerhead device purchased by or on behalf of TomTom NV from Global Locate, Inc. or Infineon Technologies, AG.

2. Please identify the price paid by or on behalf of TomTom NV for each Hammerhead device purchased, the date of purchase, the place of purchase, the place of delivery, and the place at which TomTom NV took ownership of each such Hammerhead device.

3. Please identify each Hammerhead II device purchased by or on behalf of TomTom NV from Global Locate, Inc. or Infineon Technologies, AG.

4. Please identify the price paid by or on behalf of TomTom NV for each Hammerhead II device purchased, the date of purchase, the place of purchase, the place of delivery, and the place at which TomTom NV took ownership of each such Hammerhead II device.

5. What is the total quantity of TomTom ONE devices containing Hammerhead or Hammerhead II devices made by or on behalf of TomTom, NV.; the name, owner and location of the facility where the TomTom ONE devices are made; and the location or locations where the TomTom ONE devices are held in inventory?

763230.1

6. What is the total quantity of TomTom GO devices containing Hammerhead or Hammerhead II devices made by or for TomTom, NV.; the name, owner and location of the facility where the TomTom GO devices are made; and the location or locations where the TomTom GO devices are held in inventory?

7. Please state the total number of TomTom ONE devices incorporating a Hammerhead or Hammerhead II device which have been imported into the United States or sold for importation into the United States, including the customer's name, location, the date or date of the sale(s), the location where the customer took ownership of the devices, and the number of devices sold.

8. Please state the total number of TomTom GO devices incorporating a Hammerhead or Hammerhead II device which have been imported into the United States, including the customer's name, location, the date or date of the sale(s), the location where the customer took ownership of the devices, and the number of devices sold.

9. What is the sale price of each TomTom ONE device incorporating a Hammerhead or Hammerhead II device?

10.       What is the sale price of each TomTom GO device incorporating a Hammerhead or Hammerhead II device?

11.       How many TomTom ONE devices incorporating a Hammerhead or Hammerhead II device does TomTom, N.V. forecast it will sell to customers in the United States, or for later importation into the United States, in 2007?

12.       How many TomTom GO devices incorporating a Hammerhead or Hammerhead II device does TomTom, N.V. forecast it will sell to customers in the United States, or for later importation into the United States, in 2007?

13.       Please describe the structure, function, and operation of the TomTom One and TomTom GO devices which incorporate a Hammerhead or Hammerhead II device.

------------------------------------------------------------------------------------------------

**11. Document or other property to be inspected:**

          None.

------------------------------------------------------------------------------------------------

**12. Any requirement that the evidence be given on oath or affirmation and any specific form to be used:**

TomTom, N.V. should be examined under oath or affirmation, or in the alternative, should be instructed of the consequences for the giving of untruthful and false answers under the laws of The Netherlands.

-------------------------------------------------------------------------------------------------------

**13. Special method or procedure to be followed:**

It is requested that: (1) the parties' representatives or their designees, interpreters, a stenographer, and a videographer be permitted to be present during the examination; (2) there be excluded from the examination, if permitted under the law of Netherlands, all persons other than the judicial officer conducting the examination of TomTom, N.V., attorneys for the parties, the stenographer, interpreters, and other officials of the court of The Netherlands normally present during such proceedings; (3) the representatives or their designees be permitted to submit additional questions for presentment to TomTom, N.V. following his answering of the questions set forth in section 10 above; (4) a stenographer be permitted to record verbatim the examination of TomTom, N.V.

-------------------------------------------------------------------------------------------------------

**14. Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified:**

Jim Altman
F. David Foster
Leah Frazier
MILLER & CHEVALIER
655 Fifteenth Street, N.W.
Suite 900
Washington, DC 20005
(202) 626-5800
(202) 626-5801

Alan H. MacPherson
Edward C. Kwok
Steven M. Levitan
Jennifer M. Lantz
Clark S. Stone
MACPHERSON KWOK CHEN & HEID LLP
2033 Gateway Place, Suite 400
San Jose, CA 95110
(408) 392-9250
(408) 392-9262

Mark Fowler
Gerald T. Sekimura

Thomas A. Burg
Marc C. Bellioli
DLA PIPER US LLP
2000 University Avenue
East Palo Alto, CA 94303
(650) 833-2000
(650) 833-2001

Clayton Thomas
DLA PIPER US LLP
1200 Nineteenth Street, N.W.

Kevin Baer, Esq.
Office of Unfair Import Investigations
U.S. INTERNATIONAL TRADE
COMMISSION
500 E Street, S.W.
Washington, D.C. 20436

--------------------------------------------------------------------------------

**15. The fees and costs incurred which are reimbursable will be borne by:**

Jim Altman
F. David Foster
Leah Frazier
MILLER & CHEVALIER
655 Fifteenth Street, N.W.
Suite 900
Washington, DC 20005
(202) 626-5800
(202) 626-5801

--------------------------------------------------------------------------------

**16.  Date of request:**

May 15, 2007

--------------------------------------------------------------------------------

**17.  Signature and seal of the requesting authority:**

WITNESS, the Honorable _____, District Court Judge for District Court of the District of
Columbia, Washington, D.C., this day of      , 2007

 [seal of judicial authority]

763230.1

_____

Honorable _____
District Court Judge
District Court of the District of Columbia
333 Constitution Ave., NW
Washington, DC  20001

---------------------------------------------------------------------------------------------------------

## EXHIBIT B:  EVIDENCE REQUEST OF TOMTOM, N.V.

REQUEST FOR PRODUCTION NO. 1:  Functional diagrams, block diagrams,

operational descriptions, schematics, design specifications, design criteria, performance

specifications, or manufacturing specifications sufficient to show the design, structure, function,

and operation of the TomTom ONE and/or TomTom GO devices incorporating the Hammerhead

and/or Hammerhead II devices.  This information is relevant to the proceeding as it will allow

the determination of.

REQUEST FOR PRODUCTION NO. 2:  Electronically searchable copies in native

format of the source code for software to be executed in the host processor of the TomTom ONE

and/or TomTom GO devices that controls the Hammerhead or Hammerhead II devices.  This

information is relevant to the proceeding as it will allow the determination of whether the

whether the patents asserted are infringed.

REQUEST FOR PRODUCTION NO. 3:  Documents sufficient to identify the location,

name, and owner of each facility in which has occurred the manufacture, assembly, testing,

and/or distribution of the TomTom ONE and/or TomTom GO devices incorporating the

Hammerhead and/or Hammerhead II devices.  This information is relevant to the proceeding

because it will allow the determination of the number of Hammerhead or Hammerhead II devices

were manufactured which could be imported into the United States.

REQUEST FOR PRODUCTION NO. 4:  Inventory reports or other documents sufficient documents sufficient to show the total quantities of TomTom ONE and/or TomTom GO devices manufactured which incorporate the Hammerhead and/or Hammerhead II devices.  This information is relevant to the proceeding as it will allow the determination of the number of systems manufactured by TomTom N.V. which could be imported into the United States.

REQUEST FOR PRODUCTION NO. 5:  Inventory reports or other documents sufficient to show the quantities of TomTom ONE and/or TomTom GO devices incorporating the Hammerhead and/or Hammerhead II devices held by TomTom N.V. in inventory, and the location of such inventory.  This information is relevant to the proceeding as it will allow the determination of whether TomTom N.V.'s systems incorporating Defendant's Hammerhead or Hammerhead II devices have been imported into the United States.

REQUEST FOR PRODUCTION NO. 6:  Purchase orders, purchase order confirmations, invoices, shipping lists, shipping confirmations, sales reports, bills of lading, waybills or other documents sufficient to show the quantities of Hammerhead and/or Hammerhead II devices purchased by TomTom N.V.  This information is relevant to the proceeding as it will allow the determination of the number of systems manufactured by TomTom N.V. which could be imported into the United States.

REQUEST FOR PRODUCTION NO. 7:  Purchase orders, purchase order confirmations, invoices, shipping lists, shipping confirmations, sales reports, bills of lading, waybills or other documents sufficient to show the quantities imported into the United States of TomTom ONE and/or TomTom GO devices incorporating the Hammerhead and/or Hammerhead II devices.  This information is relevant to the proceeding as it will allow the determination of whether

763230.1

TomTom N.V.'s systems incorporating Defendant's Hammerhead or Hammerhead II devices have been imported into the United States.

REQUEST FOR PRODUCTION NO. 8: Purchase orders, purchase order confirmations, invoices, shipping lists, shipping confirmations, sales reports, bills of lading, or waybills sufficient to identify each customer, the date and location of each sale, the identity of the Hammerhead or Hammerhead II devices sold, the number of units sold, and the terms of delivery for each Hammerhead or Hammerhead II device purchased by TomTom, N.V. This information is relevant to the proceeding as it will allow the determination of whether TomTom N.V.'s systems incorporating Defendant's Hammerhead or Hammerhead II devices have been imported into the United States.

REQUEST FOR PRODUCTION NO. 9: Forecasts or projections of the quantities of TomTom ONE and/or TomTom GO devices incorporating the Hammerhead and/or Hammerhead II devices to be imported into the United States in the future. This information is relevant to the proceeding as it will allow the determination of whether TomTom N.V.'s systems incorporating Defendant's Hammerhead or Hammerhead II devices will be imported into the United States during the pendency of the proceeding.

REQUEST FOR PRODUCTION NO. 10: Documents, such as price quotations, purchase orders, purchase order confirmations, invoices, shipping lists, shipping confirmations, sales reports, bills of lading, or waybills sufficient to show the actual per unit prices paid by TomTom N.V. for each Hammerhead and/or Hammerhead II device. This information is relevant to the proceeding as it will allow the determination of the appropriate amount of a bond in the event that Plaintiff prevails in this proceeding.

REQUEST FOR PRODUCTION NO. 11:  Documents, such as sales contracts, purchase orders, purchase order confirmations, invoices, shipping lists, shipping confirmations, sales reports, bills of lading, or waybills sufficient to show the terms of each sale of Hammerhead and/or Hammerhead II devices to TomTom, N.V.  This information is relevant to the proceeding as it will allow the determination of the appropriate amount of a bond in the event that Plaintiff prevails in this proceeding.

REQUEST FOR PRODUCTION NO. 12:  Contracts or agreements to sell or otherwise supply Hammerhead and/or Hammerhead II devices to TomTom, N.V. or TomTom, Inc., to the extent not provided in response to another request. This information is relevant to the proceeding as it will allow the determination of whether TomTom N.V.'s systems incorporating Defendant's Hammerhead or Hammerhead II devices have been imported into the United States.  This information is also relevant to the proceeding as it will allow the determination of the appropriate amount of a bond in the event that Plaintiff prevails in this proceeding.

REQUEST FOR PRODUCTION NO. 13:  Written communications, including electronic mail, with Global Locate, Inc. concerning the design, operation, or performance of the Hammerhead or the Hammerhead II device.  This information is relevant to the proceeding as it will allow the determination of whether the use of the Hammerhead or Hammerhead II devices in TomTom N.V.'s systems constitutes infringement of Plaintiff's asserted patents.

**CERTAIN GPS CHIPS, ASSOCIATED SOFTWARE AND SYSTEMS, AND PRODUCTS CONTAINING SAME**

**Inv. No. 337-TA- 596**

## CERTIFICATE OF SERVICE

I, Marilyn R. Abbott, hereby certify that the attached **ORDER** was served upon Kevin Baer, Esq., Commission Investigative Attorney, and the following parties via first class mail and air mail where necessary on ___June 1_____, 2007.

Marilyn R. Abbott, Secretary
U.S. International Trade Commission
500 E Street, SW, Room 112A
Washington, DC 20436

**FOR COMPLAINANT SIRF TECHNOLOGY, INC.:**

Alan H. MacPherson, Esq.
Edward C. Kwok, Esq.
Steven M. Levitan, Esq.
Jennifer M. Lantz, Esq.
Clark S. Stone, Esq.
**MACPHERSON KWOK CHEN & HEID LLP**
2033 Gateway Place, Suite 400
San Jose, CA 95110

F. David Foster, Esq.
Thomas Tso, Esq.
**MILLER & CHEVALIER CHARTERED**
655 Fifteenth St., N.W., Suite 900
Washington, D.C. 20005

William L. Anthony Jr., Esq.
Fabio E. Marino, Esq.
Bas de Blank, Esq.
Theresa Norton, Esq.
Ulysses Hui, Esq.
**ORRICK, HERRINGTON & SUTCLIFF, LLP**
1000 Marsh Road
Menlo Park, CA 94025

**CERTAIN GPS CHIPS, ASSOCIATED SOFTWARE AND SYSTEMS, AND PRODUCTS
CONTAINING SAME**

**Inv. No. 337-TA- 596**

Claire Merrin, Esq.
T. Vann Pearce, Esq.
**ORRICK, HERRINGTON & SUTCLIFF, LLP**
3050 K St., N.W.
Washington, D.C. 20007

**FOR RESPONDENT GLOBAL LOCATE, INC.:**

Clayton Thompson, Esq.
**DLA PIPER US LLP**
1200 Nineteenth St., N.W.
Washington, D.C.  20036

Mark Fowler, Esq.
Gerald T. Sekimura, Esq.
Thomas A. Burg, Esq.
Marc C. Bellioli, Esq.
**DLA PIPER US LLP**
2000 University Ave.
East Palo Alto, CA 94303

## PUBLIC  MAILING  LIST

Sherry Robinson
LEXIS - NEXIS
8891 Gander Creek Drive
Miamisburg, OH 45342

Ronnita Green
Thomson West
1100 Thirteen Street, NW, Suite 200
Washington, DC  20005

## CERTIFICATE OF SERVICE

I, Andrea Berton, hereby certify that on June 28, 2007, a true and correct copy of the **REQUEST OF THE DISTRICT COURT FOR THE DISTRICT OF COLUMBIA TO ISSUE A LETTER ROGATORY** was served on all parties via service method as indicated below:

| | |
|---|---|
| The Honorable Robert L. Barton, Jr.<br>Administrative Law Judge<br>U.S. International Trade Commission<br>500 E Street, S.W., Room 317-G<br>Washington, D.C. 20436<br>**(2 copies)** | ☒ **Via hand delivery**<br>☐ **Via overnight courier**<br>☐ **Via facsimile**<br>☐ **Via electronic mail** |
| Kevin Baer, Esq.<br>Office of Unfair Import Investigations<br>500 E Street, S.W., Room 401-L<br>Washington, D.C. 20436<br>(Email: kevin.baer@usitc.gov) | ☒ **Via hand delivery**<br>☐ **Via overnight courier**<br>☐ **Via facsimile**<br>☒ **Via electronic mail** |

**For Respondent:**

| | |
|---|---|
| Mark Fowler, Esq.<br>**DLA Piper US LLP**<br>2000 University Avenue<br>East Palo Alto, CA 94303<br>(Email: GlobalITCTeam@dlapiper.com) | ☐ **Via hand delivery**<br>☒ **Via overnight courier**<br>☐ **Via facsimile**<br>☒ **Via electronic mail** |
| Michael D. Esch, Esq.<br>**WILMER CUTLER PICKERING HALE AND DORR LLP**<br>1875 Pennsylvania Ave., N.W.<br>Washington, D.C. 20006<br>(Email: Michael.Esch@wilmerhale.com) | ☒ **Via hand delivery**<br>☐ **Via overnight courier**<br>☐ **Via facsimile**<br>☒ **Via electronic mail** |

Andrea Berton
Case Manager
Miller & Chevalier Chartered